IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA BLINKHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. _____ |
| JAE CHUL KIM as Trustee of the ) | |
| JAE CHUL KIM TRUST, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, JESSICA BLINKHORN ("Plaintiff"), by and through the undersigned counsel, and files this, her Complaint against Defendant JAE CHUL KIM, as Trustee of the JAE CHUL KIM TRUST ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

1

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Defendant is, upon information and good faith belief, a trust formed under the laws of the State of Georgia.

7. Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

8. Defendant may be properly served with process via its named Trustee, to wit: Jae Chul Kim, 2018 Glenview Park Circle, Duluth, Georgia 30097-8253.

**FACTUAL ALLEGATIONS**

9. On or about October 5, 2021, Plaintiff was a customer at "Buffalo China," a business located at 400 N. Hairston Road, Suite 700, Stone Mountain, Georgia

10. Plaintiff lives approximately seventeen (17) miles from the Facility and Property.

11. Plaintiff's access to the businesses located at 414 N. Hairston Road, Stone Mountain, Georgia 30083 (DeKalb County Property Appraiser's parcel number 18 040 02 007), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

12. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once they are made accessible.

13. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

14. Plaintiff travelled to the Facility and Property as a customer and as an

advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

15. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

16. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. The Facility is a public accommodation and service establishment.

19. The Property is a public accommodation and service establishment.

20. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

21. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

22. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

23. The Facility must be, but is not, in compliance with the ADA and ADAAG.

24. The Property must be, but is not, in compliance with the ADA and ADAAG.

25. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods,

services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

28. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

29. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or

limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)    EXTERIOR ELEMENTS:**

(i)     There are no disabled accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards, in violation of section 208 of the 2010 ADAAG standards. In the alternative, the accessible parking space(s) on the Property are missing signage, are inadequately marked, do not have adjacent access aisles, and are not on the shortest accessible route to the tenant spaces of the Facility, in violation of sections 208.2, 208.3, 502.1, 502.3 and 502.6 of the 2010 ADAAG standards.

(ii)    The accessible ramp on the Property that is situated most proximate to Suite 100 of the Facility has a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards. This ramp also does not provide for a 36" (thirty-six inch) inch clear and level landing, in violation of section 406.4 of the 2010 ADAAG standards, and requires turning on a sloped surface.

(iii) The walking surfaces of multiple portions of the accessible route on the Property have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards. These portions also have a total vertical rise greater than 6" (six inches), but do not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards. Further, the ground surfaces of multiple portions of the accessible route on the Property also have vertical rises in excess of ¼" (one quarter inch) in height, are not stable or slip resistant, have broken or unstable surfaces and fail to comply with section 403.2 of the 2010 ADAAG standards.

(iv) Due to a lack of parking stops that encourage vehicles to pull up far enough to block the accessible route to the entrances of the Facility, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36" (thirty-six inches) inches required by section 403.5.1 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i) The Buffalo China portion of the Facility lacks at least 5% (five percent) of the dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(ii) The grab bars adjacent to the commodes in the toilet stalls in the restrooms in the Buffalo China portion of the Facility do not comply with section 604.5 of the 2010 ADAAG standards. Specifically, the rear grab bars are too short.

(iii) The restrooms in the Buffalo China portion of the Facility have door hardware and light switches that have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv) The sinks in the restrooms in the Buffalo China portion of the Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

  (v) The toilet paper dispensers in the restrooms in the Buffalo China portion of the Facility are positioned outside the permissible reach ranges set forth in section 604.7 of the 2010 ADAAG standards.

30. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to exit and re-enter her vehicle while on the Property, more difficult and dangerous for Plaintiff to utilize the ramp on the Property, and more difficult for Plaintiff to travel upon the accessible routes on the Property.

31. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

32. The Facility and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

33. Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

34. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

35. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: November 17, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman

and a point size of 14.

<u>/s/Craig J. Ehrlich</u>  
Craig J. Ehrlich